# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

AKREMJON MIRZAKHALILOV,     )
    )
        Petitioner,     )
    )
      v.     )     Case No. 6:26-cv-03337-MBB
    )
WARDEN OF GREENE COUNTY JAIL, et al.,     )
    )
        Respondents.     )

## <u>ORDER</u>

Petitioner Akremjon Mirzakhalilov (hereafter "Petitioner") petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, wherein he challenges his continued detention during his removal proceedings. He argues that the Respondents (collectively "the Government") arrested him without a warrant, wrongfully detained him without a bond hearing, transferred him more than a thousand miles away from his attorney, and have failed to provide him adequate medical care for his diabetes. Doc. 1 at 6-8, 14-17. He asks the Court, *inter alia*, to order the Government to provide a bond hearing or immediately release him and to enjoin the Government from removing or deporting him while his immigration appeal remains pending. *Id*. at 18-19. Because Petitioner's detention does not violate procedural or substantive due process and because Petitioner fails in his ancillary arguments and claims to establish that he is otherwise entitled to habeas relief, the petition is DENIED.

### Standard

Title 28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). *See also Rasul v. Bush*, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." *Vargas Lopez v. Trump*, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See also Johnson v. Mabry*, 602 F.2d 167, 171 (8th Cir.

1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

## Background

On October 13, 2022, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner, a citizen of Uzbekistan, alleging inadmissibility under INA § 212(a)(6)(A)(i). Doc. 1 at 12-13. Petitioner filed an application for asylum. *Id*. On June 1, 2026, an immigration judge sitting in New York, New York, sustained the charge of inadmissibility, denied Petitioner's application for asylum, and ordered Petitioner removed to Uzbekistan. *Id*.; Doc. 1-1. On June 4, 2026, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE"). Doc. 1 at 13. No judicial warrant was presented at the time of Petitioner's arrest. *Id*.

On June 6, 2026, Petitioner was transferred from New York to the Greene County Jail in Springfield, Missouri, where he remains detained. *Id*. Petitioner has appealed the immigration court's removal order to the Board of Immigration Appeals. Doc. 1 at 14; Doc. 4 at 11. As a result, the order of removal is not final. Doc. 1 at 14; Doc. 4 at 11.

On June 12, 2026, Petitioner filed the present Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1. Additional relevant facts in the record are set forth in this Court's discussion of Petitioner's grounds for relief.

## Discussion

Petitioner raises the following six grounds for relief: (1) he is entitled to a Court order enjoining the Government from removing or deporting him while his immigration appeal remains pending; (2) his detention without an individualized bond hearing violates 8 U.S.C. § 1226(a) and his right to due process under the Fifth Amendment to the United States Constitution; (3) Petitioner's transfer has impaired his right to counsel and has violated his right to due process; (4) he is entitled to an immediate bond hearing; (5) his warrantless arrest violated the Fourth Amendment; and (6) the Government has failed to provide adequate medical care for Petitioner's diabetes. Doc. 1 at 14-17. The Government argues that Grounds 1-5 are without merit and notes that Ground 6 merely attacks the conditions of Petitioner's confinement. Doc. 4 at 2-11. For the reasons set forth below, this Court finds that Grounds 1-5 are without merit and that Ground 6 is not cognizable.

**I. Ground 1**

The Court first addresses Petitioner's contention in Ground 1 that the Government should be enjoined from removing or deporting him while his immigration appeal remains pending. Doc. 1 at 14. The parties agree that, due to Petitioner's pending appeal with the Board of Immigration Appeals, Petitioner's removal order is not final. *Id*. at 14; Doc. 4 at 11. Petitioner correctly notes that, pursuant to 8 C.F.R. § 1003.6(a), Petitioner's removal order is automatically stayed while his appeal remains pending. Such an automatic stay "suspend[s] the source of authority to act" on the removal order, and "temporarily divest[s] [the] order of enforceability." *Nken v. Holder*, 556 U.S. 418, 428–29 (2009). Thus, a stay pending appeal has "some functional overlap with an injunction," as "[b]oth can have the practical effect of preventing some action before the legality of that action has been conclusively determined." *Id*. at 428. The Government does not dispute that Petitioner's removal is stayed pending his appeal and instead states that Petitioner's appeal will receive expedited consideration due to his detention. Doc. 4 at 11. Therefore, because Petitioner's removal order has already been stayed pending his appeal, any further request that this Court enjoin the Government from removing Petitioner while his appeal is pending is moot.

Petitioner fails otherwise to establish any of the applicable factors for injunctive relief. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (To determine whether injunctive relief is proper, a district court considers four factors: (1) the movant's likelihood of success on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between the harm to the movant and the injury that granting an injunction will inflict on other parties to the litigation, and (4) the public interest.). Notably, Petitioner makes no showing of a likelihood of success on the merits (including for habeas relief, which is denied for the reasons set forth herein) or that there exists any threat of irreparable harm, especially given the Government's position set forth above. For these reasons, Ground 1 is denied.

**II. Grounds 2 and 4**

In Grounds 2 and 4, Petitioner argues that his detention without an individualized bond hearing violates 8 U.S.C. § 1226(a) and his rights to due process. Doc. 1 at 14-15. As set forth below, Petitioner is properly detained under § 1225(b)(2)(A) and not § 1226(a) and his continued detention without a bond hearing does not violate due process.

**A. Petitioner is properly detained under § 1225(b)(2)(A) and not § 1226(a).**

Two statutory provisions provide for detention of aliens pending removal proceedings: INA § 235(b), codified at 8 U.S.C. § 1225(b); and INA § 236(a), codified at 8 U.S.C. § 1226(a). Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under § 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Section 1226(a) says: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). If the alien is detained, the Attorney General may continue to detain him or release him on bond or conditional parole. 8 U.S.C. § 1226(a)(1)-(2).

As detailed in the following subsections, Petitioner is properly detained under § 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission," and no immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A).

1. Petitioner is an "applicant for admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021). "An alien who is paroled . . . shall not be considered to have been admitted." 8 U.S.C. § 1101(a)(13)(B).

Petitioner does not allege, much less show, that he has been lawfully admitted into the United States. Instead, Petitioner states that DHS initiated removal proceedings against him by alleging inadmissibility under INA § 212(a)(6)(A)(i). Petitioner, therefore, is present in the United States without having "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. Thus, he is an "applicant for admission" under § 1225(b)(2)(A).

2. Petitioner is "seeking admission."

If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission'

4

is a separate requirement for detention under the statute"). In *Avila*, the petitioner entered the United States illegally in 2016. *Id*. at 1132. DHS encountered him during a traffic stop years later, arrested him, initiated removal proceedings, and held him without bond under § 1225(b)(2)(A). *Id*. The Eighth Circuit held that § 1225(b)(2)(A) authorized the petitioner's detention without bond. According to the Eighth Circuit, "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id*. at 1135 (citation omitted).

Here, Petitioner was arrested in the United States following the immigration judge's decision denying Petitioner's application for asylum and ordering his removal. Doc. 1 at 13. As discussed, he has not been admitted because he has not made lawful entry into the country. As such, he is "seeking admission" under § 1225(b)(2)(A).

### 3. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."

Petitioner's immigration appeal remains pending. Conversely, Petitioner presents no evidence of any immigration determination relevant to admission. He is not "clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). Because § 1225(b)(2)(A) permits the Government to detain him without bond, Petitioner's statutory claim fails.

### B. Petitioner's continued detention does not violate due process because the legislative scheme permits it.

Petitioner otherwise argues that his detention without an individualized bond hearing violates procedural due process. Doc. 1 at 14-15. However, removable aliens like Petitioner may be detained pending removal proceedings "simply by reference to the legislative scheme." *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under § 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *Demore*, 538 U.S. at 531. The Court favorably cited § 1226(c)'s limitation of detention pending removal. *Id*. at 527-29 (holding that detention pending removal proceedings is not indefinite). In *Banyee*, the Eighth Circuit rejected the need for a multi-factor "reasonableness" test when evaluating the length of mandatory detention pending removal proceedings. 115 F.4th at 933. The Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id*., quoting *Demore*, 538 U.S. at 527.

Petitioner is properly detained under § 1225(b)(2)(A). Like the statute in *Demore*, § 1225(b)(2)(A) only requires detention pending removal proceedings. Petitioner does not dispute that his removal proceedings remain pending, and he presents no evidence that the Government is detaining him for any other reason. Because § 1225(b)(2)(A) requires mandatory detention of removable aliens pending removal proceedings, procedural due process requires no more. *See Banyee*, 115 F.4th at 932.

To the extent Petitioner asserts substantive due process, that claim also fails. Freedom from imprisonment lies at the heart of the liberty protected by the Due Process Clause, but detention during removal proceedings is a constitutionally valid aspect of the deportation process. *Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 523-26. Removable aliens like Petitioner have no fundamental liberty interest in a bond hearing or release pending removal proceedings. *See Banyee*, 115 F.4th at 931-33; *Demore*, 538 U.S. at 523 n.7. Petitioner's detention is rationally related to the Government's legitimate interest in ensuring that, if ordered removed, he can be successfully removed. *See Demore*, 538 U.S. at 528. For these reasons, Grounds 2 and 4 are denied.

### III. Ground 3

In Ground 3, Petitioner argues that his transfer more than a thousand miles away from his attorney has impaired his rights to counsel and due process. Doc. 1 at 15. Congress has provided DHS with the authority to enforce the nation's immigration laws. *See* 6 U.S.C. § 202. "Thus, as part of DHS, ICE necessarily has the authority to determine the location of detention of an alien in deportation proceedings and therefore, to transfer aliens from one detention center to another." *Calla-Collado v. Att'y Gen.*, 663 F.3d 680, 685 (3d Cir. 2011) (citation modified); *see also* 8 U.S.C. § 1231(g)(1) (providing that "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."). Accordingly, ICE has not exceeded its authority in transferring Petitioner from New York to Springfield. Petitioner's due process rights are not otherwise implicated merely because it is now more difficult to communicate with his attorney or obtain evidence. *See Avramenkov v. I.N.S.*, 99 F. Supp. 2d 210, 214 (D. Conn. 2000) ("a transfer, standing alone, does not constitute a violation of plaintiff's due process or statutory rights," and "the Attorney General is not obligated to detain aliens where their ability to obtain representation and to present witnesses is at its greatest." (internal quotation omitted)). Ground 3 is denied.

6

#### IV. Ground 5

In Ground 5, Petitioner argues that his warrantless arrest violated the Fourth Amendment. Doc. 1 at 15-16. Petitioner's argument is fundamentally flawed, however, because Petitioner assumes that he is detained under 8 U.S.C. § 1226(a). Doc. 1 at 14-15. Had he been so detained, Petitioner's cited authority might apply. *See Perez Marinero v. Bondi*, No. 0:26-CV-1007, 2026 WL 357653, at *1 (D. Minn. Feb. 9, 2026) ("The existence of a warrant matters, because it's the warrant that triggers 28 U.S.C. § 1226(a)."); *see also* 8 U.S.C. § 1357(a)(2) (authorizing immigration officers to arrest an alien without a warrant if they have reason to believe the alien is in the United States in violation of law and is likely to escape before a warrant can be obtained). However, as set forth above, Petitioner is an applicant for admission subject to mandatory detention under § 1225(b)(2)(A). As such, Petitioner has not shown that a warrant was required prior to his detention. *See Muse v. Mullin*, No. 26-CV-4024-CJW-MAR, 2026 WL 1008532, at *2-*3 (N.D. Iowa April 14, 2026) ("As stated, the Eighth Circuit has determined that petitioner is an applicant for admission subject to mandatory detention, and thus there is no warrant requirement."). Like the petitioner in *Muse*, "Petitioner has not cited any authority for a warrant requirement for an alien detained under § 1225(b)(2)(A), and the Court is not aware of any." *Id*. at *3. Ground 5 is denied.

#### V. Ground 6

Lastly, this Court considers Petitioner's claim that he has not been provided adequate medical care for his diabetes. Doc. 1 at 16-17. Because such allegations challenge the conditions of Petitioner's confinement and not the validity or length of his detention, Ground 6 is not cognizable in a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475 (1971) (holding that the purpose of habeas corpus is to challenge duration or length, but not conditions of confinement); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." (citing *Preiser,* 411 U.S. at 499)). Insofar as Petitioner seeks money damages or other equitable relief on claims that the conditions of his past and present confinement have violated his civil rights, Petitioner's claims would be more appropriately raised in a separate civil rights action. *See Glaus v. Anderson,* 408 F.3d 382 (7th Cir. 2005) (court lacked jurisdiction to consider § 2241 petition alleging deliberate indifference to medical needs in violation of Eighth Amendment, because release from prison is not proper

7

remedy for such claims; prisoner had to seek relief through action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or other traditional civil action). Therefore, Ground 6 is denied as not cognizable insofar as Petitioner raises it in the present petition as a separate ground for his release.

## Conclusion

Petitioner's continued detention does not violate procedural due process or substantive due process, and each of Petitioner's ancillary arguments and claims do not entitle him to habeas relief. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: July 9, 2026

8